UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF VIRGINIA

AFFIDAVIT ATTACHMENT "A"  
IN SUPPORT OF CRIMINAL COMPLAINT

United States of America

v.

Mona C. Burruss,

    Defendant.



## INTRODUCTION

    YOUR AFFIANT, being duly sworn, affirms and states that he is a Special Agent with the Naval Criminal Investigative Service, and is a federal law enforcement officer authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

    This affidavit is based upon information that I have gained from my investigation, my training and experience, as well as information gained from conversations with other law enforcement officers. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that MONA C. BURRUSS, the DEFENDANT, has committed a violation of Title 18 United States Code, § 13 to wit, Virginia Criminal Statutes 18.2-266 and 18.2-270.

## STATUTORY AUTHORITY AND DEFINITIONS

    This investigation concerns an alleged violation of Title 18 U.S.S § 18, related to assimilated crimes, to wit; Sections 18.2-266 (Driving Motor Vehicle, Engine, etc., While

Intoxicated, etc.) and 18.2-270 (Penalty for Driving While Intoxicated; Subsequent Offense; Prior Conviction) of the Code of Virginia, 1950 as amended. As an assimilated crime through Title 18 United States Code § 13, it is a felony offense to operate a motor vehicle while intoxicated after having been previously convicted of a felony violation of Virginia Criminal Statute 18.2-266 within a 10-year period. This offense occurred within a special maritime and territorial jurisdiction of the United States as defined in 18 U.S.C. § 7 within the Eastern District of Virginia and is therefore subject to Title 18 U.S.C. § 13 as an assimilated crime.

## FACTS AND CIRCIMSTANCES

1. On or about October 24, 2024 in the Eastern District of Virginia, the DEFENDANT did operate a motor vehicle while intoxicated.

2. At approximately 0123hrs, the DEFENDANT drove a 2012 Chevrolet "Cruze" to gate four, aboard U.S. Naval Weapons Station Yorktown (NWSY), Cheatham Annex, where she was confronted by Naval Security Forces (NSF). Master at Arms Seaman Aroara Ramirez, USN, NSF NWSY (hereinafter "RAMIREZ"), the NSF sentry posted at NWSY Cheatham Annex gate four, observed the DEFENDANT upon her arrival at NWSY gate four. Per RAMIREZ, the DEFENDANT passed the stop sign controlling traffic flow into the gate from outside NWSY without stopping, ultimately coming to a stop just before the gate four barrier arm. RAMIREZ then observed the DEFENDANT open her vehicle door and begin yelling from inside her vehicle for her to be allowed through the gate. The DEFENDANT then stated to RAMIREZ, "I must have made a wrong turn going back home" and then asked, "Where am I?" RAMIREZ observed the DEFENDANT displaying slurred and disoriented speech, red/glassy eyes, and the "strong" odor of alcoholic beverage emanating from her breath. RAMIREZ additionally observed an open alcoholic beverage container located in the front-passenger area cup holder of the

DEFENDANT's vehicle. Per RAMIREZ, the DEFENDANT displayed "delayed motor skills" and was, at times, unable to complete a full sentence. According to the RAMIREZ, the DEFENDANT "accidentally pressed the gas" of her motor vehicle and nearly struck the gate-arm of NWSY gate four and opened the trunk-lid of her vehicle without prompt.

3. Additional NSF personnel, Master at Arms 3rd Class Erik Kaska, USN, NSF NWSY (hereinafter "KASKA") and Sergeant Eric Schaefer, DoN Police, NSF NWSY (hereinafter "SCHAEFER") were dispatched to NWSY gate four to assist RAMIREZ. When requested by NSF personnel to produce identification, the DEFENDANT produced a "stack" of assorted cards, dropping several before admitting she did not have her identification, only her mother's; the DEFENDANT then produced an expired Virginia identification card which was associated with the DEFENDANT. Per SCHAEFER, the Virginia identification number associated with the DEFENDANT's identification card was queried via the NSF regional dispatch, the results of which detailed that the DEFENDANT's driver's license was revoked subsequent to three previous driving under the influence (DUI) convictions.

4. Prior to attempting to conduct standardized field sobriety tests (SFSTs), SCHAEFER, along with KASKA, observed the DEFENDANT exhibiting slurred speech, bloodshot, "glassy" eyes, and the odor of alcoholic beverage. Following a request by SCHAEFER to exit her vehicle to conduct SFSTs, the DEFENDANT was observed "stumbling", dropping her wallet, struggling to maintain balance once standing, and utilizing her vehicle to aid in balancing.

5. At approximately 0136hrs SCHAEFER initiated the "horizontal gaze nystagmus" (HGN) SFST. Per SCHAEFER, the DEFENDANT failed to follow instructions pertaining to the HGN SFST, to wit, the DEFENDANT followed the tip of SCHAEFER's pen, known as the "stimulus", by moving her entire head, rather than tracking the "stimulus" with her eyes alone. The

DEFENDANT then refused to participate in further SFSTs, citing "neuropathy" in her legs and feet.

6. At approximately 0159hrs, the DEFENDANT was taken into custody by NSF personnel under suspicion of DUI and transported to the NWSY NSF precinct at building 702, NWSY in order to obtain a forensic breath test for blood alcohol content. Two attempts to obtain a breath sample resulted in results of "deficient sample" per the testing device. Per SCHAEFER, in contravention of his instructions to her to complete the test, the DEFENDANT blew lightly into the forensic breath test device and then proceeded to suck air through the mouthpiece of the breath test device. SCHAEFER articulated that he could hear a valve within the test device snap closed when the DEFENANT sucked air through the machine, rather than blowing air.

7. Your affiant observed in the Commonwealth of Virginia Courts public record database that the DEFENDANT was convicted of a "3rd or Subsequent", felony violation of Virginia criminal statute 18.2-266 (DUI) following a "Guilty" plea entered on March 8, 2021 in the Circuit Court of Gloucester, VA (Criminal). This record was captioned by Gloucester Circuit Court (Criminal) case number "CR20000460-00" and offense tracking number "073GM2000001682". The DEFENDANT was sentenced to five years of incarceration with all but six months suspended, along with "indefinite" suspension of her driver's license and "indefinite" supervision/probation.

8. Your affiant spoke to the DEFENDANT via telephone on November 26th, 2024 to verify her residential address. The DEFENDANT stated she resides at 15208 George Washington Memorial HWY, Saluda, VA 23149.

## CONCLUSION

Based upon the facts set forth above, I submit that probable case exists to believe MONA C. BURRUSS, the DEFENDANT, has violated Title 18 United States Code § 13, to wit, Virginia Criminal Code Sections 18.2-266 and 18.2-270 as assimilated crimes.

FURTHER YOUR AFFIANT SAYETH NOT.

Respectfully Submitted

Your Affiant,

_____

Special Agent Nicholas B. Finch

Naval Criminal Investigative Service

Resident Agency, Yorktown, Virginia

This affidavit has been reviewed for legal sufficiency by Assistant United States Attorney Cathy Black.

Reviewed: _CathyCBlack_ 11/26/24

Subscribed and sworn to before me this 26th day of Nov., 2024.

_____, Magistrate Judge